**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4225**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES HAIR, a/k/a Mook,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:18-cr-00204-JKB-1)

Submitted: October 17, 2019                     Decided: October 21, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Hair appeals his conviction and the 117-month upward variant sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the validity of a provision in the plea agreement, but acknowledging that Hair knowingly and voluntarily waived his right to appeal.[*] Hair filed a pro se supplemental brief challenging the computation of his criminal history category and asserting that counsel provided ineffective assistance. The Government has moved to dismiss the appeal as barred by Hair's waiver of the right to appeal included in the plea agreement. We grant the motion and dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

---

[*] Hair's broad appeal waiver preserved only the right to appeal a sentence in excess of the statutory maximum. Counsel notes that the Supreme Court recently held that a guilty plea, by itself, does not foreclose a challenge on appeal to the constitutionality of the statute of conviction. *See Class v. United States*, 138 S. Ct. 798, 804-05 (2018). However, Hair does not challenge the constitutionality of the statute of conviction and we conclude that there are no meritorious issues for appeal outside the appeal waiver.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Hair knowingly and voluntarily waived his right to appeal his conviction and sentence, except as to any sentence in excess of the statutory maximum. Thus, we conclude that the waiver is valid and enforceable.

To the extent that Hair's claim that counsel provided ineffective assistance is not precluded by the appeal waiver, *cf. United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005), we have reviewed the record and conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). Accordingly, Hair's ineffective assistance claim is not cognizable on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, this claim should be pursued, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal outside the scope of the waiver. We therefore grant the Government's motion to dismiss the appeal. This court requires that counsel inform Hair, in writing, of the right to petition the Supreme Court of the United States for further review. If Hair requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hair. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*